IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

MATTIE HUTCHINS                                                PLAINTIFF

v.                                    CAUSE NO. 5:18-cv-115-DCB-MTP

BELK STORES OF MISSISSIPPI, LLC
i/i/a BELK, INC.
and DOE DEFENDANTS 1 THROUGH 5                                DEFENDANTS

<u>ORDER</u>

This matter is before the Court on a Motion for Partial Summary Judgment on Punitive Damages [ECF No. 50] filed by Defendant, Belk, Stores of Mississippi, LLC. i/i/a/ Belk, Inc. ("Belk"). Counsel for Plaintiff Mattie Hutchins ("Hutchins") has informed the Court that she has no objection to dismissal of the punitive damages count in the Complaint. Having read the Motion, memorandum in support, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds that the Defendant's Motion shall be GRANTED.

**<u>Background</u>**

This is a slip and fall case. On or about November 23, 2015, Hutchins was shopping at the Belk store in Natchez, Mississippi. [ECF No. 50-1] at 2. After shopping, Plaintiff slipped while walking towards the register – no one was near her at the time of her fall. [ECF No. 50-2] at pp. 18-19, 25. When she tried to get up, she looked down and noted a brown substance

1

on the floor. Id. at 19. Hutchins claims that she did not see the substance before she slipped, but that she estimated it was about the diameter of a water bottle. Id. at 20. Plaintiff describes the substance as being smeared and looking like melted chocolate. Id. According to the Plaintiff, Courtney Owens, a Belk employee at the time, asked Hutchins if she "fell on that brown stuff around there?" and informed Hutchins that she [Owens] had "told them to get that stuff off that floor." Id. at 26.

Belk has denied that such a substance was on the floor. In fact, Zerline King, the Belk employee who completed the incident report that day, reported that she walked the aisle and could not find anything that Hutchins slipped on. [ECF N0. 50-3] at 16. King testified that there was a dirty spot that "was like a smear sort of," but that there was no liquid or other material at that site. Id. at pp. 21-23.

## Standard of Review

A party is entitled to summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The Court is not permitted to make credibility determinations or weigh the evidence at the summary judgment stage of litigation. See Deville v. Marcantel, 567 F.3d

156, 164 (5th Cir. 2009)(citing Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir. 2007)). All facts and inferences must be made in "the light most favorable to the nonmoving party." See Sierra Club, Inc. v. Sandy Creek Energy Assoc., L.P., 627 F.3d 134, 138 (5th Cir. 2010)(internal citation omitted).

## Discussion

In Mississippi, a plaintiff must meet a high standard to justify an award of punitive damages. "The facts must be highly unusual as punitive damages are only awarded in extreme cases." Gamble ex rel. Gamble v. Dollar General Corp. 852 So.2d 5, 15 (Miss. 2003) (citations omitted). "[T]here is no right to an award of punitive damages and such damages are to be awarded only in extreme cases." Doe ex rel. Doe v. Salvation Army, 835 So.2d 76, 79 (Miss. 2003) (quoting South Central Bell v. Epps, 509 So.2d 886, 892 (Miss. 1987)).

Miss. Code Ann Sec. 11-1-65(1)(a) sets out the requirements:

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

3

The Mississippi Supreme Court defines the wanton and willful standard as follows:

> The usual meaning assigned to [these] terms is that the actor has intentionally done an act of unreasonable character and reckless disregard to the risks known to him, or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm would follow.

Maldonado v. Kelly, 768 So.2d 906, 910 (Miss. 2000)(quoting Orthopedic and Sports Injury Clinic v. Wang Labs., Inc., 922 F.2d 220, 224, n.3 (5th Cir. 1991)). "[S]ince [punitive damages] are intended as an example and warning to others, they should be allowed only with caution and within narrow limits." Wallace v. Thornton, 672 So.2d 724, 728 (Miss. 1996)(internal citations omitted). Simple negligence is insufficient to warrant a punitive damages instruction. See, Boling v. A-1 Detective and Patrol Serv. Inc., 659 So.2d 586, 589 (Miss. 1995).

Plaintiff does not assert facts that rise to the level of awarding punitive damages. There is no evidence that Belk acted with actual malice or gross negligence evidencing a willful, wanton or reckless disregard for the safety of others. At most, Plaintiff alleges a claim of simple negligence. Additionally, Plaintiff does not object to Belk's Motion for Partial Summary Judgment regarding the issue of punitive damages.

Accordingly,

IT IS HEREBY ORDERED and ADJUDGED that Belk's Motion for Partial Summary Judgment on Punitive Damages [ECF No. 50] is GRANTED.

SO ORDERED this the 27th day of February, 2020.

_/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE